IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PATRICK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO.   3:15cv296-WHA |
| | ) | |
| CITIFINANCIAL CORP., LLC, | ) | (wo) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on a Partial Motion to Dismiss (Doc. #6) filed by CitiFinancial Corp., LLC.

The Plaintiff filed a Complaint bringing claims for breach of contract (Count One), violation of the Real Estate Settlement Procedures Act ("RESPA") (Count Two), violation of the Fair Debt Collection Practices Act ("FDCPA") (Count Three), and violation of the Fair Housing Act ("FHA") (Count Four).   The Plaintiff has brought claims for violation of federal law, therefore, this court has federal question subject matter jurisdiction, 28 U.S.C. §1331, and can exercise supplemental jurisdiction over the state law claim. 28 U.S.C. §1367.

For reasons to be discussed, the Motion to Dismiss is due to GRANTED, the FDCPA claim dismissed with prejudice, and the RESPA and FHA claims dismissed without prejudice, with leave to amend.

**II.   MOTION TO DISMISS STANDARD**

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467

U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d

1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a

two-prong approach: one, the court is not bound to accept conclusory statements of the elements of

a cause of action and, two, where there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See*

*Ashcroft v. Iqbal,* 556 U.S. 662*,* 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds'

of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations,"

but instead the complaint must contain "only enough facts to state a claim to relief that is plausible

on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the

speculative level." *Id*. at 555.

## III.   FACTS

The allegations of the Plaintiff's Complaint are as follows:[1]

The Plaintiff, Patrick, began service in the U.S. military in 1976.   He received an

honorable discharge from the U.S. Army and retired with a 50% disability rating.   He alleges that

he suffers from physical and mental disabilities which cause his brother, Guy Patrick, to serve as

his legal guardian.

In March of 2008, Patrick obtained a loan from CitiFinancial for the purchase of property

in Tuskegee, Alabama.   The loan was secured by a promissory note and mortgage.   Patrick set up

his loan payments through an automatic bill payment service through his personal bank.   In June

---

1 Patrick has attached evidence to his response, but not his QWR. The court has not considered evidence
inappropriate to consider in the context of a Rule 12(b)(6) motion.

of 2012, CitiFinancial foreclosed on the Mortgage and sold the property at auction.   Patrick

alleges that he did not receive notice of the foreclosure and he was not aware that the loan was in

default.

In June of 2013, Patrick submitted a Qualified Written Request ("QWR") to CitiFinancial

for the purpose of clarifying the disputed acceleration, default, and foreclosure.

On May 4, 2015, Patrick filed his Complaint in this court.

## IV.   DISCUSSION

CitiFinancial has moved for dismissal of the claims in Counts Two, Three, and Four of the

Complaint.

### Count Two--FDCPA

As to the claim in Count Two for violation of the FDCPA, CitiFinancial argues that it is not

a "debt collector" within the meaning of the Act.   *See Janke v. Wells Fargo & Co.*, 805 F. Supp.

2d 1278, 1281-82 (M.D. Ala. 2011). CitiFinancial also argues that the FDCPA claim is barred by a

one-year statute of limitations. *See* 15 U.S.C. § 1692k(d).

Patrick argues that the claim he has brought is for violation of §1692f(6), which covers

CitiFinancial in its definition, and that his claim is not time-barred.   Specifically as to the time-bar

argument, Patrick responds in his brief that he did not "know of the error" until CitiFinancial had

filed for and successfully obtained a default judgment against him in the Circuit Court of Macon

County, Alabama which Patrick states occurred in January of 2013 (Doc. #9 at p.3).   Patrick also

argues that the act of depriving him of his interest is ongoing so that the statute of limitations

should be tolled.   Patrick cites no authority to support his arguments.

The FDCPA provides that claims for violations of the act must be brought "within one year

from the date on which the violation occurs."15 U.S.C. § 1692k(d).   To establish that his claim is

3

not time-barred, Patrick relies on both a discovery rule argument and a continuing violation argument.   At least one district court within this circuit has concluded that when a plaintiff became aware of the alleged violation is not determinative, because the FDCPA does not contain a discovery rule.   *See Crossman v. Asset Acceptance, L.L.C.*, No. 5:14-CV-115-OC-10, 2014 WL 2612031, at *6 (M.D. Fla. June 11, 2014).   In this case, however, even if there were an applicable discovery rule, Patrick concedes in his brief that he discovered the foreclosure of his property in January of 2013.   The Complaint was not filed in this case until May 2015.   Patrick's alternative argument is that the foreclosure of his property is a continuing violation because he continues to be deprived of his property, so the statute of limitations has not yet run.

"[T]the FDCPA's one-year statute of limitations period begins to run on the first day after the expiration of that time period—it does not continue to run indefinitely."   *Crossman*, 2014 WL 2612031 at *5.   The continuing violation doctrine is based on "the equitable notion that the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Hawkins v. Hamlet, Ltd.*, 296 F. App'x 918, 920 (11th Cir. 2008) (quoting *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1222 (11th Cir.2001)).   The Eleventh Circuit has noted that the "critical distinction in the continuing violation analysis ... is whether the plaintiffs complain of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does."   *Knight v. Columbus, Georgia*, 19 F.3d 579, 580 (11th Cir. 1994) (quotation omitted).

The facts as alleged are that foreclosure occurred on a certain date, and Patrick merely argues that because he is still being deprived the interest in the property, the statute has not run. Other courts analyzing similar claims have concluded that deprivation of the interest in the home

through foreclosure begins the running of the statute of limitations.   *See, e.g., Mayhew v. Branch Banking & Trust Co.*, No. 2:14-CV-00091-RWS, 2014 WL 6769343, at *11 (N.D. Ga. Dec. 1, 2014) (stating "While it is not clear what conduct Plaintiffs believe is a FDCPA violation, Plaintiffs do not allege in the Complaint any action taken by Defendant since the foreclosure sale was completed on November 1, 2011. Any claim under the FDCPA should have been filed by November 1, 2012 however Plaintiffs did not file their Complaint until May 2, 2014.").   This court is persuaded that the foreclosure of property alleged in this case is a one-time violation so that a claim for violation of the FDCPA must be brought within a year of the foreclosure sale.[2] Accordingly, the court agrees with CitiFinancial that Patrick's FDCPA claim is due to be dismissed with prejudice.

Count Three--RESPA

As to the claim in Count Three for violation of RESPA, CitiFinancial argues that Patrick has not alleged that CitiFinancial failed to comply with its duties under the statute in responding to Patrick's Qualified Written Request ("QWR") or to allege damages.   CitiFinancial states that Patrick also has not provided allegations to show that his QWR was compliant with the statute, because he has not alleged the content of his QWR, has not alleged that he sent it to the proper address, or that he included his identifying information.   *See* 12 U.S.C. §2605(e)(1)(B). CitiFinancial states that as a matter of law Patrick cannot allege that he suffered damages because he sent his QWR after the foreclosure and redemption period, so CitiFinancial's alleged failure to respond to his QWR could not have harmed Patrick as a matter of law.

Patrick responds that he has sufficiently pled his RESPA claim.

2 Patrick has alleged that a payment was applied "several days" after the foreclosure sale, (Doc. #1 at ¶31), which occurred on June 21, 2012, but has not alleged action taken by the bank within the year prior to the Complaint being filed in May 2015.

To state a claim for a violation of 12 U.S.C. § 2605(e), a plaintiff must allege facts that show (1)   the defendant was a loan servicer; (2) the defendant was sent a valid QWR; (3) defendant failed to adequately respond within sixty days; and (4) actual damages or an entitlement to statutory damages. *See Sheely v. Bank of Am., N.A.*, 36 F. Supp. 3d 1364, 1368 (N.D. Ga. 2014) (citing *Frazile v. EMC Mortg. Corp.*, 382 F.App'x. 833, 836 (11th Cir. 2010)).   Courts have concluded that if plaintiffs do not attach a QWR to the complaint, they should plead facts which show that their written request included the information required by 12 U.S.C. §2605(e)(1)(B). *See, e.g., Tallent v. BAC Home Loans*, No. 12cv3719, 2013 WL 2249107, at *3 (N.D. Ala. May 21, 2013) (requiring a showing that the QWR was in writing, included the name and account of the borrower, and included a statement of the reasons for the belief that the account is in error or provides sufficient detail regarding the information sought).   Patrick has not done that, and his claim is due dismissed for that reason.

CitiFinancial also argues that the RESPA claim is due to be dismissed with prejudice because Patrick cannot plead claim for violation of RESPA as a matter of law.   CitiFinancial states that he did not request a QWR until almost a year after the foreclosure sale had occurred, and the right of redemption period expired three days after his QWR was sent, so that CitiFinancial was no longer a servicer of the loan, and Patrick could have no damages.

CitiFinancial relies in part on *Fantroy v. First Fin. Bank, N.A.*, No. 3:12cv82-N-BH, 2013 WL 4434913, at *9 (N.D. Tex. Aug. 19, 2013).   In that case, however, the court dismissed a RESPA claim where the QWR was sent more than five years after foreclosure.   The regulation relied on in *Fantroy*, which is no longer in effect, but which was in effect at the time of Patrick's inquiry, provides that an inquiry is not a QWR if it is sent more than one year after servicing

6

transfer or the loan amount was paid in full.   24 C.F.R. §3500.21(e)(2)(ii).[3]  Some courts have

interpreted this regulation to mean that a borrower has one year after transfer of loan servicing to

send a QWR to a transferor servicer. *See, e.g., Bulmer v. MidFirst Bank, FSA*, 59 F. Supp. 3d 271,

277 (2014) (citing *Rak v. Saxon Mortgage Servs., Inc*., No. CIV.A. 12–13801, 2014 WL 861485,

at *7 (E.D. Mich. Jan.9, 2014), *report and recommendation adopted in part, rejected in part on

other grounds*, No. 12–13801, 2014 WL 859849 (E.D. Mich. Mar. 5, 2014)).

      It is indisputed that Patrick's initial letter, which he has alleged was a statutorily-compliant

QWR, was sent within one year of the foreclosure, and the Complaint also alleges that payment

was applied to the loan account several days after the date of the foreclosure action. (Doc. #9 at

¶31).   Under the regulation which applied at the time, therefore, CitiFinancial may have had a

duty to respond to a QWR sent within a year of the foreclosure, if that QWR otherwise complied

with the statute, and the court cannot conclude that amendment of the Complaint would be futile.

      As to argument that because he sent the QWR after the foreclosure, Patrick could suffer no

damages as a matter of law, CitiFinancial cites *Apodaca v. HSBC Bank USA, N.A.*, No. 10cv307

WQU, 2010 WL 1734945, at *4 (S.D. Cal. Apr. 27, 2010).   In *Apodaca*, the QWR was sent after

the foreclosure sale, so the only damages identified, loss of the house, could not be tied to the

alleged failure to respond to the QWR.   The court finds this logic persuasive, but Patrick has not

identified any damages stemming from an alleged RESPA violation in his Complaint, so the court

cannot conclude at this point that the only damages he seeks are limited to damages from the loss

of the house.

      Because the Court should freely give leave to amend when justice so requires, *see*

---

3 79 F.R. 34224-01 states that because responsibility for administration of RESPA was transferred
to the Consumer Financial Protection Bureau, effective July 16, 2014, HUD RESPA regulations
are not longer operative and are removed.

Fed.R.Civ.P. 15(a)(2), the court will give Patrick additional time in which to re-state his claim under RESPA to satisfy the deficiencies outlined here, if he can do so within the requirements of Rule 11 of the Federal Rules of Civil Procedure.

Count Four--FHA

As to the claim in Count Four for violation of the FHA, CitiFinancial argues Patrick has failed to state a claim and that the claim is due to be dismissed as time-barred because the Complaint was not filed within two years of the origination of the loan.   CitiFinancial presumes that Patrick seeks to bring a claim for violation of section 3605 of the Fair Housing Act.

Section 3605 prohibits discrimination against any person in making available a real estate-related transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin. 42 U.S.C. §3605(a).   A real estate-related transaction is defined as the making or purchase of loans or providing other financial assistance for certain real estate transactions. 42 U.S.C. §3605(b).

In his Complaint, Patrick cites only to 42 U.S.C. §3601, which states that it is the policy of the United State to provide for fair housing.   He does not cite §3605, and, in fact, the Complaint reveals that Patrick was given a loan.   The factual basis of his claim appears to be that notice was not provided to Patrick by CitiFinancial (Doc. #1 at §27).   It is unclear to the court, therefore, which provision of the FHA Patrick alleges was violated.

CitiFinancial urges the court to dismiss this claim with prejudice, arguing that allowing Patrick to re-plead his claim would be futile because it is time-barred under the two-year statute of limitations.   42 U.S.C. §3613(a)(1)(A).   CitiFinancial argues that the statute of limitations began to run when the loan originated.   (Doc. #6 at p.23).   Patrick's claim, however, does not appear to be for discrimination in the origination of the loan, but in the servicing of the loan and in the failure

8

to provide notice, which are events which occurred after loan origination, but before foreclosure. Therefore, unless and until Patrick more specifically states his FHA claim, the court cannot conclude as a matter of law that his claim is time-barred.   The court will, therefore, dismiss this claim without prejudice, and give Patrick an opportunity to replead this claim, should he choose do to so.

## V.   CONCLUSION

For the reasons discussed, the Partial Motion to Dismiss is due to be GRANTED as to all of Patrick's federal claims.   With respect to his FDCPA claim, amendment to more specifically plead the claim would be futile, because that claim is time-barred.   With respect to the RESPA and FHA claims, the court agrees that Patrick has failed to adequately state his claims; however, the court cannot conclude, based on the current state of the pleadings, that amendment would be futile.   Therefore, it is hereby ORDERED as follows:

1.   The Partial Motion to Dismiss (Doc. #6) filed by CitiFinancial Corp., LLC. is ORDERED GRANTED as to the claim for violation of the Fair Debt Collection Practices Act ("FDCPA") (Count Three) and that claim is dismissed with prejudice.

2.   The Partial Motion to Dismiss (Doc. #6) is ORDERED GRANTED as to claims for violation of the Real Estate Settlement Procedures Act ("RESPA") (Count Two) and violation of the Fair Housing Act ("FHA") (Count Four) and those claims are dismissed without prejudice.

The Plaintiff is given until July 17, 2015 to file a new, Amended Complaint which is complete unto itself in accordance with M.D. Ala. Local Rule 15.1, and which either attaches Patrick's initial QWR, or which pleads the substance of that QWR; which

includes an allegation of Patrick's damages from the alleged RESPA violation; and which more specifically states his claim for violation of the FHA including the specific statutory provision which he claims was violated and the factual basis for his claim of disability discrimination, if Patrick chooses to continue to assert a RESPA and FHA claim.

Done this 30th day of June, 2015.

/s/ W. Harold Albritton_____
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE