IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL PATRICK,                         )
                                         )
            Plaintiffs,                  )
                                         )    CIVIL ACTION NO.   3:15cv296-WHA
                                         )
CITIFINANCIAL CORP., LLC,                )    (wo)
                                         )
            Defendant.                   )

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court a Motion to Dismiss Amended Complaint (Doc. #14) filed by

CitiFinancial Corp., LLC ("CitiFinancial").

The Plaintiff originally filed a Complaint bringing claims for breach of contract, violation

of the Real Estate Settlement Procedures Act ("RESPA"), violation of the Fair Debt Collection

Practices Act ("FDCPA"), and violation of the Fair Housing Act ("FHA").   The court has federal

question subject matter jurisdiction over the federal claims, 28 U.S.C. §1331, and can exercise

supplemental jurisdiction over the state law claim. 28 U.S.C. §1367.

The Defendant filed a Partial Motion to Dismiss directed only to Patrick's federal claims,

which this court granted, giving Patrick leave to replead a RESPA and FHA claim.   The Amended

Complaint brings claims for breach of contract (Count One), a RESPA claim (Count Two), and a

FHA claim (Count Three).   The pending Motion to Dismiss is directed to all of the claims of the

Amended Complaint filed by Patrick.

For reasons to be discussed, the Motion to Dismiss the Amended Complaint is due to be

GRANTED.

## II.   MOTION TO DISMISS STANDARD

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.   *See Ashcroft v. Iqbal,* 556 U.S. 662*,* 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III.   FACTS

The allegations of the Plaintiff's Amended Complaint are as follows:

The Plaintiff, Michael Patrick ("Patrick"), began service in the U.S. military in 1976.   He received an honorable discharge from the U.S. Army and retired with a 50% disability rating.   He alleges that he suffers from physical and mental disabilities which cause his brother, Guy Patrick, to serve as his legal guardian.

In March of 2008, Patrick obtained a loan from CitiFinancial for the purchase of property in Tuskegee, Alabama.   The loan was secured by a promissory note and mortgage.   Patrick set up

his loan payments through an automatic bill payment service through his personal bank.   In June

of 2012, CitiFinancial foreclosed on the Mortgage and sold the property at auction.   Patrick

alleges that he did not receive notice of the foreclosure and he was not aware that the loan was in

default.

CitiFinancial has provided state court records to show that in August of 2012, CitiFinancial

filed a complaint in state court seeking possession of the foreclosed property.[1]   Default judgment

was entered in favor of CitiFinancial on January 9, 2013. (Doc. #14-4).

On June 18, 2013, Patrick submitted a Qualified Written Request ("QWR") to

CitiFinancial for the purpose of clarifying the disputed acceleration, default, and foreclosure.

On August 12, 2013, Patrick moved to set aside the default judgment which had been

entered in the ejectment action.   That motion was denied on September 5, 2013. (Doc. #14-7).

Patrick submitted additional QWRs to Citifinancial in November of 2013 and February of

2014.

## IV.   DISCUSSION

CitiFinancial moves to dismiss the entire Amended Complaint, moving on the basis of res

judicata as to most claims, arguing that the RESPA and FHA claims are not adequately pled, and

moving for dismissal of the FHA claim on the basis of the statute of limitations.   The court begins

with CitiFinancial's res judicata argument.

### Res Judicata

CitiFinancial contends that the breach of contract and FHA claims are due to be dismissed

on the basis of res judicata because those claims are based on the alleged improper servicing of the

---

[1] A district court may take judicial notice of public records in a court case without converting a motion to dismiss on the basis of res judicata into a motion for summary judgment.   *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

mortgage loan on property which was the subject of a state court action.   CitiFinancial states that

Patrick should have raised these claims as defenses in the state court ejectment action.

CitiFinancial also states that to the extent that Patrick raised these defenses in his Motion to Set

Aside the Default Judgment in state court, the court's order denying that motion bars him from

re-asserting those defenses now.

Patrick disputes that res judicata applies, arguing that it was CitiFinancial, and not Patrick,

which was the plaintiff in the state court action, so that Patrick could not have asserted in the

earlier action the claims he has brought here.   Patrick also contends he did not receive notice of

the foreclosure in state court, but if he had, he was not required to bring his federal claims in state

court.

In considering whether to give preclusive effect to state-court judgments under res judicata

principles, the federal court must apply state law.   *Community State Bank v. Strong*, 651 F.3d

1241, 1263 (11th Cir. 2011). The essential elements of res judicata under Alabama law are (1) a

prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial

identity of the parties, and (4) with the same cause of action presented in both actions. *Equity Res.

Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998).   The fourth element of res judicata is met

not only when the exact legal theories are advanced in the prior case, but also "when the same

evidence is applicable in both actions. " *Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d

914, 921 (Ala. 2007).   "If those four elements are present, then any claim that was, or that could

have been, adjudicated in the prior action is barred from further litigation." *Vinson*, 723 So. 2d at

636.

CitiFinancial cites to *Martin v. Cash Express, Inc*., 60 So.3d 236, 252 (Ala. 2010).   In that

case, a prior action on a debt ended in a default judgment, and the court held that because the

4

plaintiffs in the second action could have asserted illegality of the loan as a defense in the prior

action on the debt, the later claims were precluded.   *Id.*   The court explained that under Alabama

law, to determine the preclusive effect of a default judgment, the court looks not only to claims or

defenses that were raised "but also to those that could have been raised."   *Id.* at 251.

          A district court within this circuit has applied Alabama res judicata principles in the

context of the preclusive effect of a loan foreclosure in state court and subsequent federal case.

*See Duke v. Nationstar Mortgage, LLC*, 893 F. Supp. 2d 1238 (N.D. Ala. 2012).   In that case,

homeowners filed a case in federal court in which they brought breach of contract and FDCPA

claims against the servicer of the loan secured by a mortgage and also brought state law claims

against the originator of the loan.   The originator of the loan foreclosed, brought an ejectment

action against the mortgagors, and was granted summary judgment by the state court.   Based on

the state court case, the federal court dismissed the claims against the originator of the loan on the

basis of res judicata. *Id.* at 1243.   In the opinion, the court explained that claims which are

compulsory counterclaims in a state court ejectment action are barred by res judicata in a

subsequent federal case.   *Id.* at 1249.   The court distinguished the homeowners' claims against

the originator from the claims against the servicer, and found that the claims against the servicer

were not barred by res judicata because only the originator was a named plaintiff in the state court

ejectment action. *Id.* at 1250.   Only the claims brought in federal court against the loan originator

were barred by res judicata because only claims against the party which had been the plaintiff in

the state court case could have been brought in the state court action. *See id.*

          The *Duke* court's res judicata analysis is consistent with Alabama Supreme Court

decisions.   In *Clark v. Wells Fargo Bank, N.A.*, 24 So. 3d 424 (Ala. 2009), a bank foreclosed a

mortgage and filed an ejectment action in state court.   The homeowner filed a separate federal

court action bringing FDCPA and state law claims against the bank.   The homeowner then amended her answer in state court to bring the same state law claims against the bank which she had brought in federal court.   The bank moved to dismiss the state court counterclaims, arguing that the federal case was first-filed.   In explaining why the counterclaims were considered to be first, the Alabama Supreme Court reasoned that the "claims against [the bank] must be considered compulsory counterclaims because they are both logically related to and arose out of the same circumstances that gave rise to [the bank's] original ejectment claim." *Id.* at 428.

The Alabama Supreme Court also has held that in a suit against a lender to set aside a note, a lender must, in addition to filing an answer, assert a compulsory counterclaim for equitable relief it would be entitled to if the court were to set aside the note.   *Mississippi Valley Title Ins. Co. v. Hardy*, 541 So. 2d 1057, 1062 (Ala. 1989).   This was because "[w]here claims are logically related and arise from the same transaction, or occurrence, they are compulsory counterclaims." *Id.* at 1059.

Other federal courts have also applied res judicata principles to federal cases asserting federal statutory claims after judgments in state court cases. *See, e.g., Beepot v. J.P. Morgan Chase Nat'l Corp. Serv., Inc.,* 57 F. Supp. 3d 1358 (M.D. Fla. 2014).   In *Beepot*, a case applying Florida law, the court noted that the federal claims asserted in that case were based on the conduct of bank which was at issue in a state court foreclosure action.   The court concluded that the state law claims and the Truth in Lending Act claim brought in the federal action were compulsory counterclaims to the state court claim and therefore precluded by res judicata.   *Id.* at 1373 & n.11; *see also Scott v. Capital One, Nat. Assoc.*, No. 12-CV-00183(ER), 2013 WL 1655992 at *4 n.7 (S.D. N.Y. April 17, 2013) (applying res judicata to FHA and RESPA claims based on state foreclosure action); *Byrd v. Homecomings Financial Network*, 407 F. Supp. 2d 937 (N.D. Ill.

2005) (finding that res judicata barred mortgagor's FDCPA, RESPA, and TILA claims which could have been brought in state court foreclosure action).

The breach of contract claim in the Amended Complaint in this case asserts that CitiFinancial failed to apply Patrick's mortgage payments, to provide notice of default or opportunity to cure, and to comply with federal statutes.   The FHA claim is that CitiFinancial did not meet a contractually imposed duty to provide notice of default, an opportunity to cure default, or an accommodation in confirming actual knowledge of default. (Doc. #13 at pages 7-8).   These claims are both logically related to and arise out of the same circumstances that gave rise to CitiFinancial's state court action, *Clark*, 24 So. 3d at 428, and are defenses requiring the same evidence which could have been raised in the state court action. *Martin*, 60 F.3d at 252. Therefore, they are precluded in this case under state law res judicata principles.[2]

With respect to Patrick's notice arguments, CitiFinancial points out that Patrick was served in the state court action.   (Doc. #14-2).   CitiFinancial also points out that Patrick raised lack of service in his Motion to Set Aside the Default Judgment, which was denied by the state court. (Doc. #14-6 at p.9, #14-7).   The court cannot conclude, therefore, that these arguments undermine application of preclusion principles in this case. *See Beepot*, 57 F. Supp. 3d at 1374 & n. 12 (applying res judicata analysis and noting that arguments of improprieties in the state court action

---

2  Alternatively, Patrick's FHA claim is barred by the statute of limitations.   In its previous Memorandum Opinion and Order, the court pointed out that it could not fully evaluate the Defendant's statute of limitations defense because it was unclear which provision of the FHA Patrick alleged had been violated in this case.   (Doc. #12 at p.9 ).   In the face of a new motion asserting the statute of limitations as to the FHA, Patrick has offered no statute of limitations argument, and has advanced theories of FHA violation which are not pled in the Amended Complaint.   Because the claims alleged in the Amended Complaint involve duties to provide notice of default, actions which would have preceded the foreclosure action in June of 2012, the court concludes alternatively that the FHA claim is barred by the two-year statute of limitations. 42 U.S.C. §3613(a)(1)(A).

were raised before the state court and rejected).

## RESPA

In its brief, CitiFinancial concedes that at least some aspects of Patrick's RESPA claims are not barred by res judicata because Patrick sent his QWR in June of 2013, after default judgment was entered in the ejectment action in January of 2013.   (Doc. #17 at p.5 n.2).[3]

CitiFinancial argues that Patrick has failed to state a claim for violation of RESPA because he has not alleged damages traceable to an alleged RESPA violation.   CitiFinancial states that as a matter of law Patrick cannot allege that he suffered damages because he sent his QWR after the foreclosure and redemption period, so CitiFinancial's alleged failure to respond to his QWR could not have harmed Patrick.   Finally, CitiFinancial argues that Patrick's allegations do not plausibly state a claim for pattern and practice of violating RESPA because CitiFinancial was only required to respond to one QWR.

Patrick responds that he has sufficiently pled his RESPA claim and identifies several elements of damage in his brief.   The court previously allowed Patrick time in which file an Amended Complaint and specifically noted that Patrick had not alleged his damages stemming from the alleged RESPA violation. (Doc. #12 at p.10).   Because Patrick already has been given an opportunity to more specifically plead his RESPA damage claims, the court will only consider the claimed damages alleged in his Amended Complaint, and will not consider the unpled elements of damage referenced in his brief.

In the Amended Complaint, Patrick alleges that his damages from the RESPA violation are (a) wrongful foreclosure, (b) undue and negative credit reporting, (c) loss of accumulated equity,

---

3  CitiFinancial argues that any RESPA claims based on servicing of the loan are barred by res judicata. As will be discussed below, however, the court is only considering claims for damages which are alleged in the Amended Complaint, and not those merely referred to in brief.

(d) loss of the ability of use and enjoyment of property in the foreclosure, and (e) loss of right of

redemption.   (Doc. #13 at p.7).   Also, although CitiFinancial contends that Patrick has only

mentioned emotional distress damages from being uprooted from his home in his brief, not in the

Amended Complaint, there is a bare request for mental anguish damages in the prayer for relief of

the Amended Complaint.   (Doc. #13 at p.9).

To state a claim for a violation of 12 U.S.C. § 2605(e), a plaintiff must allege either actual

damages flowing from the violation or a pattern and practice of defendant's violation of the statute.

*See Frazile v. EMC Mortg. Corp*., 382 F. App'x. 833, 836 (11th Cir. 2010).   The plaintiff also

must allege a causal link between the financing institution's violation and his injuries. *McLean v.*

*GMAC Mortgage Corp*., 398 F. App'x 467, 471 (11th Cir. 2010).

Harm alleged to have been incurred because Patrick did not submit mortgage payments, or

damages in the form of loss of equity or use or enjoyment of the property, would have arisen from

the foreclosure of Patrick's house, not from a failure to appropriately respond to any QWR alleged

to have been made by Patrick, because his QWRs were made after the foreclosure sale. *See*

*Mernatti v. Nationstar Mortgage*, No. 12-14580, 2013 WL 5587821 (E.D. Mich. Oct. 10, 2013)

(finding that plaintiff could not have suffered damages from inappropriate response to the QWRs

because the alleged improper servicing of the loan was prior to the QWRs).

As to the allegation of negative credit reporting, the mere fact that negative credit reporting

occurred does not state a violation.   *Phillips v. Bank of Am. Corp*., No. 5:10-CV-04561 EJD, 2011

WL 4844274, at *4 (N.D. Cal. Oct. 11, 2011) (stating ["w]ithout further factual allegations

showing that Phillips had other loans pending on which he paid higher interest, the assertion that

Bank of America's continued reporting 'caused increased interest rates in his other credit accounts'

is not sufficient to nudge his claims across the line from conceivable to plausible.").   Patrick has

not alleged facts to show that negative credit reporting resulted in damage or was causally related

to CitiFinancial's failure to respond to the QWR Patrick sent after the foreclosure sale.

As to the loss of right of redemption, CitiFinancial points out that the right of redemption

was lost a year after the June 21, 2012 foreclosure sale, citing Ala. Code §6-5-248(b).

CitiFinancial points out that the right of redemption, therefore, was lost within the time period

allowed during which CitiFinancial had to respond to the June 18, 2013 QWR. *See* 12 U.S.C.

§2605.

The other element of damage referenced in the Amended Complaint is a claim for

damages for mental anguish.   (Doc. #13 at p.9).   "Construing the term 'actual damages' broadly,

and based on the interpretations of 'actual damages' in other consumer-protection statutes that are

remedial in nature, plaintiffs arguably may recover for non-pecuniary damages, such as emotional

distress and pain and suffering, under RESPA."   *McLean*, 398 F. App'x at 471 (citations omitted).

In this case, however, Patrick has made a bare allegation that he is seeking damages for mental

anguish, and has not pled any facts to show a causal connection between CitiFinancial's failure to

appropriately respond to a QWR and any mental anguish Patrick has suffered.   *See, e.g., Durland*

*v. Fieldstone Mortgage Co*., No. 10CV125, 2011 WL 805924, at *3 (S.D. Cal., Mar. 1, 2011)

(concluding that mere allegations of fees assessed, negative credit reporting, and emotional

distress were insufficient to establish a causal link between the alleged RESPA violations and

plaintiff's claimed damages).   The damages Patrick has sought in other sections of his Amended

Complaint link his damages to the servicing of and foreclosure on his mortgage loan.

CitiFinancial foreclosed on the property in June 2012 and Patrick did not send a QWR until June

2013.   Even though Patrick has already been given an opportunity by the court to replead his

RESPA claim to identify the damages he seeks in this case, he has not pled any facts which show

that he suffered mental anguish as a result of a failure by CitiFinancial to appropriately respond to

his June 2013 QWR.   Patrick's claims for actual damages for violations under RESPA are,

therefore, due to be dismissed.

Finally, Patrick has alleged a claim for damages for a pattern and practice of RESPA

violations.   He sent his QWRs in June 2013, November 2013, and February 2014.   As noted in

this court's previous Memorandum Opinion and Order, the applicable regulation only allowed a

borrower one year to send a QWR. (Doc. #12)(citing *Bulmer v. MidFirst Bank, FSA*, 59 F. Supp.

3d 271, 277 (2014)).   Because under that regulation only the June 2013 QWR was timely,

CitiFinancial only was required to respond to one of Patrick's QWRs.   Courts have interpreted

"pattern or practice" to mean more than one RESPA violation.   *See In re Tomasevic*, 273 B.R.

682, 686–87 (Bankr.M.D.Fla.2002) (failure to respond to one QWR was not a "pattern or

practice").   Patrick, therefore, has failed to plead a claim for a pattern and practice of RESPA

violations, and that RESPA claim is also due to be dismissed.


## V.   CONCLUSION

For the reasons discussed, the Motion to Dismiss (Doc. #14) is hereby ORDERED

GRANTED and this case is DISMISSED.


 Done this 8th day of September, 2015.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE